UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD M. FLEMING,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

Case No. 3:13-cv-00154-MMD-VPC

ORDER

I. **SUMMARY**

Before the Court is Defendant United States' Motion to Dismiss. (Dkt. no. 19.) For the reasons set forth below, the Motion is granted.

II. **BACKGROUND**

Plaintiff Richard M. Fleming seeks relief against the United States for a 2009 felony conviction that he claims was unlawful. (Dkt. no. 12 at 5.) Plaintiff's Complaint provides few facts concerning the details of the 2009 conviction and his subsequent attempts for relief. The Court, therefore, looks to Defendant's Motion to Dismiss for the relevant background. Mr. Fleming was indicted by a federal grand jury in the District of Nebraska in 2007. He pled guilty to one count of health care fraud and one count of mail fraud following a two-week trial but before the jury announced the verdict. (Dkt. no. 19 at 4–5.) Judgment was entered in the criminal action in 2009. (*Id.* at 5.) Mr. Fleming filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. (*Id.*) The Nebraska District Court denied Mr. Fleming's claims for relief and the Eighth Circuit Court of Appeals dismissed his appeal. (*Id.* at 5–6.)

On June 16, 2010, Mr. Fleming filed a pro se petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2241. (*Id.* at 6.) This Court transferred the habeas action to the District of Nebraska. The Ninth Circuit denied Mr. Fleming's appeal of the transfer. The District of Nebraska dismissed Mr. Fleming's habeas petition. Mr. Fleming appealed the dismissal of his habeas petition to the Eighth Circuit, which dismissed his appeal as well as his subsequent motion for reconsideration and petition for panel rehearing and rehearing en banc. (*Id.* at 6–7.)

On November 23, 2011, Mr. Fleming once again filed a pro se petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2241. The case was transferred to the District of Nebraska, which construed Mr. Fleming's claim as a claim under 28 U.S.C. § 2255. (*Id.* at 7.) The District Court dismissed Mr. Fleming's habeas petition and the Eight Circuit summarily affirmed. The Eighth Circuit also denied Mr. Fleming's motions for panel rehearing, rehearing en banc, and recall of the mandate. (*Id.*) The U.S. Supreme Court denied Mr. Fleming's petition for writ of certiorari. (*Id.*)

Mr. Fleming brings the instant case under the International Covenant on Civil and Political Rights (ICCPR). He seeks compensatory damages for loss of income as a result of losing his medical license following his criminal conviction. (Dkt. no. 12 at 5.) Mr. Fleming's Complaint appears to challenge this Court's transfer of his November 23, 2011, petition for writ of habeas corpus to the District of Nebraska. Mr. Fleming also seeks consideration of said petition's argument that his 2009 conviction was unlawful.

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged but not shown that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). Pro se complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Defendant construed Plaintiff's claim in its Motion to Dismiss as an action under the Federal Tort Claims Act (FTCA) because Mr. Fleming seeks compensatory damages against the federal government. Mr. Fleming states in his response that "this case is

///

NOT filed under the FTCA" and clarifies that the sole legal basis for his Complaint is the ICCPR. (Dkt. no. 21 at 2.)

"For any treaty to be susceptible to judicial enforcement it must both confer individual rights and be self-executing." *Cornejo v. County of San Diego*, 504 F.3d 853, 856 (9th Cir. 2007). The ICCPR is not self-executing nor has it been found to confer private individual rights. *See* 138 Cong. Rec. S4781-01 (daily ed. April 2, 1992); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 728 (2004) ("Several times, indeed, the Senate has expressly declined to give the federal courts the task of interpreting and applying international human rights law, as when its ratification of the International Covenant on Civil and Political Rights declared that the substantive provisions of the document were not self-executing."). The Supreme Court explains that "although the [ICCPR] does bind the United States as a matter of international law, the United States ratified the [ICCPR] on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts." *Sosa*, 542 U.S. at 735.

Mr. Fleming explicitly states that the sole legal basis for the Complaint is the ICCPR. Because the ICCPR is not enforceable in federal courts on behalf of individual plaintiffs, Mr. Fleming has failed to make a claim upon which relief can be granted.

## V. CONCLUSION

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 19) is granted and Plaintiff's Complaint is dismissed with prejudice.

It is further ordered that all of Plaintiff's pending motions (dkt. nos. 8, 9, 11, 23, 24, 31, 34, 35, 41, 42, 43, 44, 46, 47, 48, 50, 51, 52, 55, 56) and both of Defendant's remaining pending motions (dkt. nos. 32 and 40) are denied as moot.

DATED THIS 29th day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE